

**VIA OVERNIGHT MAIL & E-MAIL**
May 20, 2024

Mr. Robert Murnur
Berkley Luxury Group
301 Route North 17 #900
Rutherford, NJ 07070

|    |          |                                    |
|----|----------|------------------------------------|
| RE: | Insured: | The Landmark Condominium Association |
|    | Address: | 215 Piedmont Avenue NE             |
|    |          | Atlanta, GA 30309                  |
|    | Claim No.: | 2041684                          |
|    | Policy No.: | 21-21947510-30                  |
|    | Insurer: | Admiral Indemnity Company          |
|    | DOL:     | January 17, 2024                   |

Dear Mr. Murnur:

Please be advised that I have been retained by The Landmark Condominium Association ("Landmark") as it relates to Claim No. 2041684 (the "Claim"). Accordingly, communication regarding the Claim may be sent to my attention. Likewise, with respect to the ongoing adjustment of the Claim, please continue to communicate with Mr. Brandon Lewis and Strategic Claim Consultants, LLC ("Strategic").

I am writing this letter in response to the Reservation of Rights you issued to Landmark on May 9, 2024. At the outset, I must note this is the first Reservation of Rights received by Landmark since the onset of the Claim, which is a period of approximately four (4) months post-loss. Of course, during this period of time, Landmark has had no reason to believe there were any coverage issues, and certainly had no reason to believe that Admiral Insurance Company ("Admiral") believed there were misrepresentations contained with Landmark's original application for insurance.

With respect to the application of insurance, I must initially note that while it appears an application for insurance was completed prior to the issuance of Policy No. 21-21947510-30 (the "Policy"), a signed application was not completed until September 7, 2023, which is almost three (3) months after the Policy was issued. In addition, although your letter states "[Admiral] has identified conflicts pertaining to the information provided with your application for insurance and the conditions found at the insured risk during Admiral's investigation," you do not cite to any specific conflicts. Accordingly, if Admiral has concerns with information contained in the application for insurance, I am asking you to specifically voice those concerns so they can be addressed. I am sure you understand that Landmark has obligations to provide information as

required to its owners, and with the complexity of this loss, Landmark desires to address any coverage issues as soon as possible.

In addition, Landmark takes exception to your reference to the Concealment, Misrepresentation, or Fraud portion of the Policy. I can assure you that Landmark has not engaged in any concealment, misrepresentation or fraud either in connection with the application, the Claim, or otherwise. Again, if you believe Landmark has engaged in any of these activities, I demand you immediately identify the specifics of your allegation so they can be addressed.

Mr. Murnur, I assure you that my client takes its obligations arising under the Policy and the Claim with the utmost seriousness. Furthermore, we remain committed to providing you with any and all information necessary to complete your investigation as expeditiously as possible. Likewise, as the insured, Landmark expects Admiral and its representatives to investigate the Claim and adjust it in accordance with the terms and conditions of the Policy and applicable law. Towards this end, I must remind you that despite setting reserves for the Claim at approximately $10M, Admiral has only issued a single advance of $500,000.00 while knowing that extensive mitigation is ongoing. As a result, and by way of this letter, we are requesting Admiral to release additional proceeds so that Landmark's mitigation contractor can be appropriately compensated for services rendered.

In the interim, this letter shall serve as formal notice of Admiral's, and its agents and adjuster's, ongoing legal duty to preserve any and all information relevant to the facts surrounding this matter. This duty to preserve evidence extends, but is not necessarily limited to, the following: (1) business records, (2) paper, digital, and electronic files, including but not limited to, e-mails and text messages, (3) data generated by and/or stored on the company's computers and storage media, and (4) all other electronic data. Violations of the legal duty described in this notice can result in significant sanctions imposed by a court of law for spoliation of actual evidence and/or potential evidence.

By sending this correspondence, Landmark is not waiving any rights and remedies it may have pursuant to the terms and conditions of the Policy and applicable law, with the same being expressly reserved.

Sincerely,

Michael B. Weinstein


CC:   Mr. Kenneth Kraften
      Ms. Yali Lu
      Ms. Rachel Lu
      Mr. Brandon Lewis