ATLANTA / BIRMINGHAM

**PERSONAL AND CONFIDENTIAL**

June 7, 2024

**Via E-Mail:  mike@wblegal.net**

Michael B. Weinstein
Weinstein and Black
3050 Amwiler Road, Suite 200-C
Atlanta, GA 30360

      Re:    Insured:        The Landmark Condominium Association
               Claim No.:      204-1684
               Policy No.:     21-21947510-30
               Date of Loss:   January 17, 2024

Dear Michael:

We have been retained to represent Admiral Indemnity Company ("Admiral") in the above-referenced matter. Please accept this correspondence as acknowledgment of your letter of representation sent on May 20, 2024. Please direct all future correspondence regarding this matter to our attention including communications from Strategic Claims.

As a preliminary matter, your letter of representation appears to request detailed information about the basis for Admiral's investigation and that Admiral disclose evidence it has developed to date as part of its investigation. Admiral is not under any contractual obligation to disclose the basis of its investigation or information obtained from its investigation to date. However, Admiral is investigating this claim, and the underwriting process related to the Policy, because it has concerns about representations made by the insured, or those acting on the insured's behalf and at the insured's direction, during the underwriting process for the Policy and prior to Admiral issuing the Policy. Without waiving any rights under the Policy, Admiral has uncovered evidence that representations made by the insured and/or its representatives regarding the fire protection systems and use of commercial space at the loss location may not have been accurately disclosed during the application process. Given this information, Admiral has the right to investigate these representations and other circumstances surrounding the issuance of the Policy and the loss.

**JESSICA M. PHILLIPS**
P: 404.888.6148
Jessica.phillips@swiftcurrie.com

**TAYLOR C. GORE**
P: 404.888.6243
taylor.gore@swiftcurrie.com

The Reservation of Rights dated May 9, 2024 was promptly delivered once the preliminary investigation of this loss revealed potentially inaccurate information in the application which caused my clients to question their obligations under the Policy for the loss. Admiral appreciates the extent of this loss and, likewise, desires to promptly address potential coverage issues. To that end, Admiral continues to investigate the loss while expressly reserving the right to raise any legal defenses or policy exclusions under the Policy or applicable law.

Additionally, your understanding of when the insured's application was received is inaccurate. The signed application for insurance was completed on June 13, 2023 by Yali Lu on behalf of the insured. A copy of this application is enclosed for reference. Furthermore, an application supplement was submitted by the insured through its agent on or before April 14, 2023. We have enclosed a copy of this document as well.  Thus, your contention that this was not received until almost three months after the Policy was issued is incorrect. Rather, the representations contained therein were received multiple times during the application process and prior to the Policy being bound.

Finally, given the coverage issues presented here, Admiral is not in a position to issue additional proceeds for the reasons identified herein and in the May 9, 2024 Reservation of Rights.

Admiral reiterates that Landmark is obligated to cooperate with its investigation pursuant to the terms of the Policy. The Policy provides, in pertinent part:

**CONDOMINIUM ASSOCIATION COVERAGE FORM (CP 00 17 06 07)**

**E. Loss Conditions**

The following conditions apply in addition to the Common Policy Conditions and the Commercial Property Conditions.

. . .

    **3. Duties In The Event Of Loss Or Damage**

      **a.** You must see that the following are done in the event of loss or damage to Covered Property:

        **(1)** Notify the police if a law may have been broken.

        **(2)** Give us prompt notice of the loss or damage. Include a description of the property involved.

**(3)**   As soon as possible, give us a description of how, when and where the loss or damage occurred.

**(4)**   Take all reasonable steps to protect the Covered Property from further damage, and keep a record of your expenses necessary to protect the Covered Property, for consideration in the settlement of the claim. This will not increase the Limit of Insurance. However, we will not pay for any subsequent loss or damage resulting from a cause of loss that is not a Covered Cause of Loss. Also, if feasible, set the damaged property aside and in the best possible order for examination.

**(5)**   At our request, give us complete inventories of the damaged and undamaged property. Include quantities, costs, values and amount of loss claimed.

**(6)**   As often as may be reasonably required, permit us to inspect the property proving the loss or damage and examine your books and records. Also permit us to take samples of damaged and undamaged property for inspection, testing and analysis, and permit us to make copies from your books and records.

**(7)**   Send us a signed, sworn proof of loss containing the information we request to investigate the claim. You must do this within 60 days after our request. We will supply you with the necessary forms.

**(8)**   Cooperate with us in the investigation or settlement of the claim.

**b.** We may examine any insured under oath, while not in the presence of any other insured and at such times as may be reasonably required, about any matter relating to this insurance or the claim, including an insured's books and records. In the event of an examination, an insured's answers must be signed.

3

This letter is not a denial of Landmark's claim. Rather, it is intended to acknowledge receipt of your letter of representation and address the representations and requests contained therein. Admiral continues to demand strict compliance with all provisions of the insurance contract and applicable Georgia law. Admiral's attempt to complete an investigation should not be deemed a waiver of any provision of the Policy or any defense which might be applicable to the claim. Indeed, no action taken by Admiral should be deemed a waiver of any provision of the insurance contract or any defense which might be applicable to Landmark's claims or the issuance of the Policy.  Additionally, no action taken by Admiral is deemed a waiver of the Reservation of Rights dated May 9, 2024 including the right to declare the policy void *ab initio* or to rescind the Policy. Admiral expressly reserves all rights, including any defenses which may be applicable to Landmark's claims or the issuance of the Policy.

We look forward to working with you. Please feel free to contact us if you have any questions.

Best regards,

*Jessica M. Phillips*

Jessica M. Phillips

*Taylor C. Gore*

Taylor C. Gore

JMP:TCG
Enclosures

4