

**PERSONAL AND CONFIDENTIAL**

July 8, 2024

**Via E-Mail:  mike@wblegal.net**

Michael B. Weinstein
Weinstein and Black
3050 Amwiler Road, Suite 200-C
Atlanta, GA 30360

      Re:    Claim No.:    2041684
                 Policy No.:   21-21947510-30
                 Insured:     The Landmark Condominium Association
                 Date of Loss:  January 17, 2024

Dear Mike:

      As you know, we have been retained to represent Admiral Indemnity Company ("Admiral") in the above-referenced claim following a fire loss that occurred on January 17, 2024 (the "Loss"). Following the Loss, Admiral initiated an investigation into this claim and the underwriting process related to the Policy, because it has concerns about representations made by the insured, or those acting on the insured's behalf and at the insured's direction, during the underwriting process for the Policy and prior to Admiral issuing the Policy. To that end, Admiral requests that the insured provide certain records and documents surrounding the application process, the issuance of the Policy, and the Loss that are important to its investigation.

      Landmark is obligated to cooperate with Admiral's investigation pursuant to the terms of the Policy. The Policy provides, in pertinent part:

**CONDOMINIUM ASSOCIATION COVERAGE FORM (CP 00 17 06 07)**

**E. Loss Conditions**

    The following conditions apply in addition to the Common Policy Conditions and the Commercial Property Conditions.

    . . .

**JESSICA M. PHILLIPS**      **TAYLOR GORE**
P: 404.888.6148      P: 404.888.6243
Jessica.phillips@swiftcurrie.com      taylor.gore@swiftcurrie.com

**ATLANTA**  /  1420 Peachtree St., NE,  /  Suite 800  /  Atlanta, GA 30309

### 3. Duties In The Event Of Loss Or Damage

**a.** You must see that the following are done in the event of loss or damage to Covered Property:

**(1)** Notify the police if a law may have been broken.

**(2)** Give us prompt notice of the loss or damage. Include a description of the property involved.

**(3)** As soon as possible, give us a description of how, when and where the loss or damage occurred.

**(4)** Take all reasonable steps to protect the Covered Property from further damage, and keep a record of your expenses necessary to protect the Covered Property, for consideration in the settlement of the claim. This will not increase the Limit of Insurance. However, we will not pay for any subsequent loss or damage resulting from a cause of loss that is not a Covered Cause of Loss. Also, if feasible, set the damaged property aside and in the best possible order for examination.

**(5)** At our request, give us complete inventories of the damaged and undamaged property. Include quantities, costs, values and amount of loss claimed.

**(6)** As often as may be reasonably required, permit us to inspect the property proving the loss or damage and examine your books and records. Also permit us to take samples of damaged and undamaged property for inspection, testing and analysis, and permit us to make copies from your books and records.

**(7)** Send us a signed, sworn proof of loss containing the information we request to investigate the claim. You must do this within 60 days after our request. We will supply you with the necessary forms.

**(8)** Cooperate with us in the investigation or settlement of the claim.

    **b.** We may examine any insured under oath, while not in the presence of any other insured and at such times as may be reasonably required, about any matter relating to this insurance or the claim, including an insured's books and records. In the event of an examination, an insured's answers must be signed.

## DOCUMENTS REQUESTED

In light of the Policy provisions set forth above, and because there are questions regarding this Loss, Admiral requests the following documents as part of its investigation into the application process for the Policy and the Loss:

1. Copies of all ACORD applications, habitational supplements, and any other insurance application forms submitted on behalf of the insured to Admiral and/or Berkley Luxury Group regarding insurance coverage for the Property, whether these documents were submitted through an agent of Landmark or directly to Admiral and/or Berkley;

2. Any and all communications regarding any ACORD applications, habitational supplements, and any other insurance application forms submitted by or on behalf of the insured to Admiral and/or Berkley Luxury Group regarding insurance coverage for the Property, including but not limited to communications between any representative of Landmark and any property management company and any communications between any property management company and any agent of Landmark;

3. Copies of all ACORD applications, habitational supplements, and any other insurance application forms submitted to the insured's prior carrier regarding insurance coverage for the Property;

4. Copies of all ACORD applications, habitational supplements, and any other insurance application forms submitted to any carrier regarding insurance coverage for the Property after the Loss;

5. Copies of all inspection reports for the Property completed before or after the Loss including, but not limited to, inspection reports completed for the purpose of procuring insurance coverage and/or renewing insurance policies;

6. Any and all communications between any representative of the insured and any insurance broker, agent or producer regarding

insurance coverage for the Property from January 1, 2022 to present;

7. Any and all communications between any representative of the insured including, but not limited to, any broker, agent or producer, and any representative of RT Specialty Group;

8. Any and all communications between any representative of the insured including, but not limited to, any broker, agent or producer, and any representative of Relation Insurance;

9. Any and all documents provided to any insurance agent, broker or producer prior to or in the process of obtaining coverage under the Policy;

10. Any and all documentation regarding the fire sprinkler system at the Property including, but not limited to, the installation and maintenance of the fire sprinkler system or any issues with the fire sprinkler system being out of code;

11. Any and all ownership records for the commercial units located at the Property;

12. Any and all documents regarding any renovations, updates, remodels or other similar work performed to the common areas of the Property since 2010 to the present;

13. Any and all notifications of non-renewals and/or cancellations by any prior insurance carrier for the Property in the last ten years;

14. Any and all applications, ACORD Forms, requests for quotes, habitational supplements, and other similar information submitted by or on behalf of the insured to any other insurance carrier for property insurance coverage during the time period between 2022 to the current date;

15. Any and all documents relating to any declinations of coverage submitted to Landmark, or any representative of thereof (including any agent or property management company of the insured) from the time period of 2022 to the present date; and

16. Any and all lease agreements for the commercial units located at the Property.

This is not an exhaustive list of document requests as Admiral's investigation is ongoing, and it reserves the right to request additional documentation. Admiral also expressly reserves the right to request examinations under oath of appropriate representatives of Landmark pursuant to the above-referenced provisions of the Policy.

Admiral's request for this documentation as part of its attempt to complete an investigation into the circumstances surrounding the issuance of the Policy here should not be deemed a waiver of any provision of the Policy or any defense which might be applicable to the claim. Indeed, no action taken by Admiral should be deemed a waiver of any provision of the insurance contract or any defense which might be applicable to Landmark's claims or the issuance of the Policy, including the right to rescind the Policy. Additionally, no action taken by Admiral is deemed a waiver of the Reservation of Rights dated May 9, 2024 including the right to declare the policy void *ab initio* or to rescind the Policy. Admiral expressly reserves all rights, including any defenses which may be applicable to Landmark's claims or the issuance of the Policy.

We look forward to the receipt of the documents requested no later than August 8, 2024.

Best regards,

*Jessica M. Phillips*

Jessica M. Phillips

*Taylor C. Gore*

Taylor C. Gore

JMP:TCG

5